UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYGOLD COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0501-CVE-PJC |
| ) | |
| LYNN SCHUSTERMANN et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On November 16, 2015, plaintiff Marygold Collins filed this case alleging that defendants engaged in the "false solicitations of funds from American donors to propel a booming industry of child trafficking, outplacements and snatching of children from natural parents . . . ." Dkt. # 1, at 1. Plaintiff seeks $2 million in damages from defendants for alleged violations of the Foreign Corrupt Practices Act, 15 U.S.C. 78dd-1 et seq. (FCPA), the Securities Act of 1933, 15 U.S.C. 77a et seq. (Securities Act), the Securities Exchange Act of 1934, 15 U.S.C. 78a et seq. (Securities Exchange Act), and federal common law. The case was originally filed in the United States District Court for the Western District of Oklahoma, but plaintiff requested that the case be transferred to this Court and her motion was granted. Dkt. ## 16, 17. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiff alleges that she is a British citizen who resides in Israel and she has two 10 year old daughters who resided with her. Dkt. # 1, at 3-4. Although it is difficult to determine precisely what happened from plaintiff's rambling complaint, it appears that plaintiff's children were removed from

her home after she sought assistance from Israeli social workers, and plaintiff claims that the social workers made false statements that the children were "at risk." Id. at 17. She alleges that the children were taken to a home operated by the Women's International Zionist Organization (WIZO), and she claims that the Israeli courts did not allow her present a defense to the charges that her children were "at risk." Id. at 18. She accuses WIZO of kidnapping her children and subjecting them to physical and emotional abuse, and she claims that the children were transferred to another home operated by S.O.S. Children's Village-USA, Inc. (SOS). Id. at 21. Plaintiff claims that Lynn Schustermann purportedly raises money to help at-risk children in Israel, but the money raised does not actually benefit children and donors are being mislead by Schustermann, WIZO, and SOS about the services provided to children. Id. at 24-28. She states that the International Fellowship of Christians and Jews (IFCJ) serves as a conduit for funneling private donations from Schustermann to WIZO and SOS. Id. at 13. Plaintiff alleges claims of common law detention and intentional infliction of emotional distress against WIZO and SOS, and a claim of false solicitation against Schustermann, WIZO, SOS and IFCJ.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the

party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court lacks subject matter jurisdiction over this case for at least two reasons. First, this case falls squarely within the domestic relations exception to federal jurisdiction. "It is well-established that federal courts lack jurisdiction over 'the whole subject of the domestic relations of husband and wife . . .'" Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005). Family relations are traditionally a matter of state law and federal courts do not have jurisdiction to resolve substantive family law issues. United States v. Bigford, 365 F.3d 859 (10th Cir. 2004). Plaintiff claims that her children were taken from her based on false statements of social workers and she argues that she was not given a fair opportunity to present a defense, and this is clearly a challenge to a child custody ruling by another court.[1] Plaintiff attempts to frame her allegation in terms of common law or statutory claims, but the factual allegations supporting her claims primarily concern the "kidnapping" of her children. The Court could not resolve plaintiff's claims without considering the merits of the child custody dispute between plaintiff and the country of Israel. Plaintiff's case directly concerns the "issuance of a divorce, alimony, or child custody decree," and she may not

---

[1] The Court notes that the child custody decision being challenged was made a court in a foreign county, and plaintiff has made no reference to issues of international law that might prevent the Court from hearing her claims. The Court finds that it is unnecessary to consider any issue of international law because the Court lacks subject matter jurisdiction over this case without reaching such issues.

3

litigate these issues in federal court. Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1112 (10th Cir. 2000). The Court has considered whether plaintiff could be attempting to allege a claim under the Hague Convention on the Civil Aspects of International Child Abduction (Hague Convention), but there is no possibility that the Hague Convention has an applicability in this case. The Hague Convention "is meant to provide for a child's prompt return once it has been established the child has been 'wrongfully removed' to or retained in any affiliated state." Ohlander v. Larson, 114 F.3d 1531, 1534 (10th Cir. 1997). Plaintiff has not alleged that her children were wrongfully removed to Israel and she clearly alleges that she resided in Israel when the child custody dispute arose.

In addition to the domestic relations exception to federal jurisdiction, the Court also finds that plaintiff has not stated a claim upon which relief can be granted. Plaintiff cites the Securities Act, Securities and Exchange Act, and the FCPA in her complaint, but these statutes would not provide a basis to challenge a child custody decision by a foreign court. Plaintiff could be challenging the truthfulness of representations made by WIZO, SOS, IFCJ, or Schustermann when soliciting donations, but she lacks standing to assert claims on this issue because she has not alleged that made a donation based on any misleading statements. The Court notes that there are other jurisdictional defects with the complaint. Plaintiff cites 28 U.S.C. § 1332 as a basis for federal subject matter jurisdiction, but she has not identified the citizenship of each defendant and the Court cannot determine from the complaint if diversity jurisdiction exists. Plaintiff also alleges common law claims of detention and intentional infliction of emotional distress against WIZO and SOS, but she has not alleged that these defendants are subject to personal jurisdiction in Oklahoma and it appears from the allegations of the complaint that these entities operate in Israel only. The Court has liberally construed the allegations of plaintiff's complaint to determine if plaintiff could possibly

state a claim upon which relief could be granted and, even if the domestic relations exception did not apply, the Court would find that plaintiff has not stated a cognizable claim and that other jurisdictional defects exist that would prevent the Court from hearing plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 5th day of August, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE